AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

__Eastern__   DISTRICT OF   __Virginia__

National Stabilization Agreement Of The
Sheet Metal Industry Trust Fund et al.
V.
American Chute Systems, Inc.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

RECEIVED: APRIL 11, 2008
08 CV 2091 JH
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE MASON

Case Number:　1:06CV1299

I, __Fernando Galindo__ Clerk of the United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on __April 4, 2007__,
Date
as it appears in the records of this court, and that

\* __no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.__

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

__December 6, 2007__
Date

__Fernando Galindo__
Clerk of Court

__Michael Y. Hall__
(By) Deputy Clerk

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHEET METAL WORKERS' NATIONAL )
PENSION FUND, et al., )
)
    Plaintiffs, )
)
v. )  1:06cv1299(LMB/BRP)
)
AMERICAN CHUTE SYSTEMS, INC. )
)
    Defendant. )

## ORDER

On March 12, 2007, a magistrate judge issued a Report and Recommendation ("Report"), in which he recommended that a default judgment in the amount of $13,800.47, consisting of $5,199.32 for overdue contributions, $2,489.40 in liquidated damages, $490.43 in interest, $230.53 in late fees, costs of $551.29, and $4,839.50 in attorneys' fees, as well as specific injunctive relief, be awarded in favor of plaintiffs against the defendant. The parties were advised that any objections to the Report had to be filed within ten days of receipt of the Report and that failure to file timely objections waived appellate review of any judgment based on the Report. As of April 3, 2007, no exceptions have been filed.

Having fully reviewed the Report, case file, and plaintiffs' Motion for Entry of Default Judgment with its attachments, we find that the Report accurately states the relevant facts and law. Therefore, we adopt the findings and conclusions of the



Report and for the reasons stated therein, it is hereby

ORDERED that the plaintiff's Motion for Entry of Default Judgment be and is GRANTED, and the plaintiff's proposed Default Judgment and Order will be entered.

The Clerk is directed to forward copies of this Order and the Default Judgment and Order to counsel of record for plaintiffs and to defendant at the address listed in the case file.

Entered this 4th day of April, 2007.

/s/ Leonie M. Brinkema
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATIONAL STABILIZATION AGREEMENT )<br>OF THE SHEET METAL INDUSTRY )<br>TRUST FUND, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN CHUTE SYSTEMS, INC. )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO. 06-cv-1299 (LMB / BRP) |

### DEFAULT JUDGMENT AND ORDER

Upon consideration of the Motion for Default Judgment submitted by Plaintiffs, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), National Energy Management Institute Committee ("NEMI"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI" and jointly with NPF, ITI, SMWIASF and NEMI, "the National Funds" and collectively with SASMI, "Plaintiffs" or "Funds"), the Magistrate Judge's Report and Recommendation and the absence of exceptions thereto, and the entire record in this case, it appearing to the Court that Defendant, American Chute Systems, Inc. ("Company" or "Defendant"), has failed to plead or otherwise defend in this action, that a default has been entered, and that there is no just reason for delay, it is ORDERED by the Court, this 4th day of April, 2007:

178838-1




1.  The Court adopts the Magistrate Judge's Report and Recommendation and grants the Funds' Motion for Default Judgment.

2.  Judgment by default in the total sum of $13,800.47 is entered in favor of the Funds against Defendant. This amount includes the following for each of the Funds:

| Fund[1] | Contributions[2] | Interest[3] | Liquidated Damages[4] | Late Fees | Attorneys' Fees[5] | Costs[6] | TOTAL |
|---|---|---|---|---|---|---|---|
| NPF | $916.29 | $81.26 | $183.25 | $150.17 | $3,919.99 | $446.54 | *$5,697.50* |
| ITI | $294.63 | $26.69 | $58.91 | $53.92 | $0.00 | $0.00 | *$434.15* |
| NEMI | $73.65 | $6.68 | $14.72 | $13.23 | $0.00 | $0.00 | *$108.28* |
| SMOHI | $49.10 | $4.44 | $9.81 | $8.82 | $0.00 | $0.00 | *$72.17* |
| SMWIASF | $24.55 | $2.22 | $4.90 | $4.39 | $0.00 | $0.00 | *$36.06* |
| SASMI | $3,841.10 | $369.14 | $2,217.81 | $0.00 | $919.51 | $104.75 | *$7,452.31* |
| **TOTAL** | **$5,199.32** | **$490.43** | **$2,489.40** | **$230.53** | **$4,839.50** | **$551.29** | **$13,800.47** |

3.  Within twenty (20) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

4.  Defendant shall pay to NPF, ITI, SMWIASF, NEMI and SMOHI additional interest at twelve percent (12%) per year, in accordance with the Funds' governing documents, on the amount of any delinquent monthly contributions awarded in this Order, from January 31, 2007 through the date payment is finally made.

---

[1] The NPF, ITI, SMWIASF, NEMI and SMOHI are referred to jointly as "National Funds."
[2] Calculated for the period 8/05 through 11/06 for the National Funds and 4/04 through 11/06 for SASMI.
[3] Calculated through 1/31/07.
[4] Liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions paid more than thirty (30) days after the due date.
[5] Incurred in this matter through 2/23/07.
[6] Incurred in this matter through 12/31/07.

5. Defendant shall pay to the SASMI Trust Fund additional interest calculated at the rates provided for under 26 U.S.C. §6621, as from time to time amended, on the amount of any delinquent monthly contributions awarded in this Order, from January 31, 2007 through the date payment is finally made.

6. Defendant shall pay to NPF, ITI, SMWIASF, NEMI and SMOHI additional liquidated damages equal to twenty percent (20%) of the amount of any additional delinquent contributions due them for the period August 2005 through November 2006.

7. Defendant shall pay to the SASMI Trust Fund additional liquidated damages equal to twenty percent (20%) (or such other amount as prescribed under the SASMI Trust Fund's Rules and Regulations) of the amount of any additional delinquent contributions due for the months of April 2004 through November 2006.

8. Defendant shall submit to an audit of its wage, payroll, and personnel records for all periods for which Defendant is obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendant shall pay all contributions, interest, and liquidated damages determined by such audit to be due, as well as the costs of such audit.

9. Defendant shall pay to the Funds any additional reasonable attorneys' fees and costs incurred in connection with this case on and after February 23, 2007 including, without limitation, those incurred to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶2 above. *See, Free v. Briody*, 793 F.2d 807 (7th Cir.1986).

10. Because of Defendant's persistent failure to meet its reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, the Funds'

178838-1                                    3

Agreements and Declarations of Trust and 29 U.S.C. §1145, Defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the current and any future collective bargaining agreement(s) to which it is bound.

11. If Defendant fails to comply with any of the terms of this Order, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

12. This Default Judgment and Order is enforceable by the Funds individually, singly or jointly, or by their agent.

BY THE COURT

_7/4/07_
Date

_____
Leonie M. Brinkema,
United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

Copies of this Order shall be sent to:

David S. Bahuriak, Jr., Esquire
Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683

American Chute Systems, Inc.
603 E. Washington Street
Joliet, Illinois 60433-1135